```
              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION
```

UNITED STATES OF AMERICA                                PLAINTIFF

         v.       CASE NO. 6:10CR60015-003

KEVIN HICKS                                             DEFENDANT

                              ORDER

Currently before the court are Defendant's Motion to Set Aside or Correct Sentence (Doc. 150) and the Government's Response (Doc. 151). Defendant moves the Court to vacate, reconsider, or modify his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure.[1]

Rule 35 allows the Court to correct or reduce a sentence in certain instances: (1) within 14 days after sentencing to correct a sentence that resulted from arithmetical, technical, or other clear error; and (2) upon the government's motion indicating the defendant provided substantial assistance. Defendant does not allege that either instance applies in his case, and the Court finds that a modification of Defendant's sentence pursuant to Rule 35 is not warranted.

Instead, Defendant argues that a different sentence is warranted because 1) the sentence imposed does not reflect the

---

[1] Defendant moves the Court pursuant to 18 U.S.C. § 3563 and Rule 35 of the Federal Rules of Criminal Procedure; however, § 3563 relates to certain mandatory conditions of probation which the Court must make explicit as a part of a term of probation and does not relate to Defendant's motion. The Court will interpret Defendant's motion as brought pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

parties' intent; 2) neither he nor his attorney had adequate time to review the PSR and Addendum in order to make objections; and 3) there is an unwarranted sentencing disparity between him and a female co-defendant.

First, the Plea Agreement contains clear language that the Court is neither bound by the parties' agreement nor does the agreement promise a specific sentence. The Court exercised its wide discretion to impose a sentence within the statutory ranges that it found sufficient but not greater than necessary to comply with the factors set out in 18 U.S.C. § 3553(a).

Second, Defendant and his attorney confirmed at the sentencing hearing that they both received and discussed the PSR and Addendum. Furthermore, any objections to the PSR that were not raised at sentencing are waived. *United States v. Mora-Higuera*, 269 F.3d 905 (8th Cir. 2001).

Lastly, the sentence disparity between him and his co-defendant, Jennifer Sue Lenda, 6:10-cr-60015-002, is warranted because the two are not similarly situated.[2] *See United States v. Martinez-Hernandez*, 593 F.3d 761, 762 (8th Cir. 2010)(affirming a sentence disparity when there were legitimate

---

[2] The Court construes Defendant's argument relates to 28 U.S.C. § 994(d), the United States Sentencing Commission's duty to "assure that the guidelines and policy statements are entirely neutral as to the race, sex, national origin, creed, and socioeconomic status of the defendant." The Court finds the sentence imposed satisfies the applicable guidelines and policy statements, and the sentencing disparity is warranted based on the legitimate distinction, including but not limited to the defendants' offense conduct, culpability, and government assistance.

distinctions between co-defendants); *see also United States v. Davis-Bey*, 605 F.3d 479, 482-83 (8th Cir. 2010)(holding no clear error for a sentence disparity when the district court assessed different levels of culpability between co-defendants).

Accordingly, Defendant's Motion (doc. 150) is **DENIED**.

IT IS SO ORDERED this 29th day of February 2012.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge
